PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)  42 U.S.C.A. § 12132 Title II
AMERICANS WITH DISABILITY ACT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE __SOUTHERN__ DISTRICT OF TEXAS
### __HOUSTON__ DIVISION

SHANNON MARK DOUTHIT 453033
Plaintiff's Name and ID Number
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, TX 77868
Place of Confinement  TDCJ

CASE NO._____
(Clerk will assign the number)

v.
STATE OF TEXAS & TDCJ-ID and SEVERAL
INDIVIDUAL PRISON OFFICIALS.

Defendant's Name and Address
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Jury Trial Demanded

Defendant's Name and Address
P.O. Box 99
Huntsville, TX 77342

United States Courts
Southern District of Texas
FILED

MAY 08 2019

Defendant's Name and Address  In their Official Capacity
(DO NOT USE "ET AL.")  Under Color of State law

David J. Bradley, Clerk of Court

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

# FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

# CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS: ✶See Declaration of Previous Filings Attached.

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment?___YES___NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: <u>See Declaration of Previous Filings Attac</u>hed

        2. Parties to previous lawsuit:
           Plaintiff(s) _____
           Defendant(s) _____

        3. Court: (If federal, name the district; if state, name the county.) _____

        4. Cause number: _____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition: _____

II.   PLACE OF PRESENT CONFINEMENT: <u>Pack 1 Unit (TDCJ) Grimes County</u>

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:
      Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO
      Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

      A. Name and address of plaintiff: <u>Shannon Mark Douthit, TDCJ# 453033</u>
      <u>Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, TX 77868</u>

      B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

      Defendant #1: <u>Bryan Collier, Executive Director of the TDCJ-ID. P.O.</u>
      <u>Box 99 Huntsville, TX 77342.</u>
         Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
      Failed to comply with Judge Keith Ellison's Preliminary Injunctive Orders to transfer Offenders w/ Heat-Sensitive Medical Conditions: Obesity

      Defendant #2: <u>Robert Herrera, Warden, Pack 1 Unit, 2400 Wallace Pack Rd.</u>
      <u>Navasota, Texas.</u>
         Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
      Failed to comply with Judge Keith Ellison's Preliminary Injunctive Orders to transfer Offenders w/ Heat-sensitive Medical Conditions: Obesity

      Defendant #3: <u>Mark A. Temple, Lieutenant Pack 1 Unit, 2400 Wallace Pack</u>
      <u>Rd. Navasota, TX 77868</u>
         Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
      Deliberately Indifferent towards Plaintiff's Mobility Impairment causing Plaintiff Injury and serious risk of serious injury by forcing Plaintiff to carry Personal Property.

      Defendant #4: <u>Felipe J. Peralta, Jr., Lieutenant, Pack 1 Unit, 2400</u>
      <u>Wallace Pack Rd. Navasota, TX 77868</u>
         Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
      Deliberately Indifferent towards Plaintiff's Mobility Impairment causing Plaintiff physical injury and serious risk of serious of serious injury by by forcing Plaintiff to carry personal property.

      Defendant #5: <u>Mitchell D. Kroll, Sergeant, Pack 1 Unit 2400 Wallace Pack Rd.</u>
      <u>Navasota, TX 77868.</u>
         Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
      Deliberately Indifferent towards Plaintiff's Mobility Impairment causing Plaintiff physical injury and serious risk of serious injury by forcing Plaintiff to carry personal property.

      Defendant #6: Sergio Perez, Major, Polunsky Unit 3872 FM 350 S. Livingston, TX 77351 Ph: 936-967-8082
      Failed to comply with Judge Keith Ellison's Preliminary Injunctive Orders; therefore, subjecting Plaintiff to heat exhaustion & leg injury.

Rev. 05/15

3

V. STATEMENT OF CLAIM: DEFENDANTS INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF BECAUSE HE IS HANDICAPPED AND CLASS ACTION MEMBER OF LAWSUIT 4:14-CV-01698; THEREFORE BEING DELIBERATELY INDIFFERENT AND DENYING PLAINTIFF SERVICES.

UNDER THE ADA, Title II;

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Plaintiff is a quailified individual with disabilities On August 2017, the vast majority of inmates who were class members and subclass members of Civil Action 4:14-CV-01698 with heat sensitive medical conditions at Pack 1 Unit (TDCJ) were transferred temporarily to air conditioned Units (Facilities) upon the Honorable Judge Keith Ellison's Orders. I, Plaintiff, was left behind like a dog in a car with no air condition and the windows up in the parking lot. Plaintiff suffered heat exhaustion at various times during the hot Summer months. Plaintiff sought Medical attention several times and Ms Gwendol Crawford, Vocational Nurse, ran Plaintiff off and told Plaintiff to submit a Sickcall Request. Continued on attached pages.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compencation $250,000 from each defendant for physical injury, pain, and emotional suffering pursuant to Title II ADA, and Punitive Damages $5000 from Defendants: Temple and Kroll for acting with malice, and callus-indifference continuously at each major Shakedown as described in complaint; therefore, intentionally subjecting mobility impaired offenders to exceed their medical restrictions.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Shannon Mark Douthit

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

00453033

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

CLAIM ONE CONTINUED:

Inmate David Ramos, TDCJ# 1490235, was left behind and he died during the Summer Months of 2017. He had heat sensitive medical conditions: Obesity and heart. During a major shakedown (search through personal property for contraband) May 23, 2018, Plaintiff was being forced to carry his personal property by Mark A. Temple, Lieutenant, and Felipe Peralta, JR, Lieutenant, to the Gym where there were temperature extremes AD 10.64. Plaintiff became hot, dizzy, naseuated, and fell. Plaintiff was taken to Infirmary and held there until he cooled down before being released to security, as stated in Step 1 Grievance# 2018145916 by Senior Practice Manager, Koltan Stoker. The heat exhaustion episode has caused Plaintiff to become susceptible to further episodes of heat exhaustion and heat sensitivity. Plaintiff has been housed/assigned to Pack 1 Unit (Facility) since 2010. Defendants: Bryan Collier and Robert Hererra were deliberately indifferent to Plaintiff's heat sensitive condition: Obesity with BMI over 30. This caused Plaintiff physical injury because they failed to comply with the Honorable Judge Ellisons's Preliminary Injuctive Order and transfer Plaintiff with the other heat sensitive Offenders to facilities with air condition. 4:14-CV-01698, Documents 769, 771.

CLAIM TWO RELATED:

During the Major Shakedown May 23, 2018, Plaintiff was forced to carry his personal property upon Lt. Temple's and lt. Peralta's orders. As a result from being forced to carry his personal property, Plaintiff injured his stump (amputated leg). Major Sergio Perez, JR was present. Plaintiff informed Lt. Temple in Major Perez's presence that he has one leg and a medical lifting restriction. Major Perez said: "You air heads have taken others out of their comfort zone so I am going to take you out of yours". On June 6, 2016, Plaintiff went to Infirmary and Ms Chukwumerije, NP, reduced Plaintiff's lifting

medical restriction from 50 to 30 pounds because Plaintiff was injuring himself being forced to carry personal property and exceed lifting restriction. At this time Plaintiff informed Ms Chukwumerije, NP, medical Provider, that he (Plaintiff) has a heat sensitive medical condition: Obesity. Ms Chukwumerije stated obesity wasn't a heat sensitive medical condition, despite document 1165 from 4:14-CV-01698 this Court listing Obesity with a BMI of 30 or more as a heat sensitive medical condition. The excessive lifting beyond Plaintiff's medical restriction caused a skin breakdown of stump (amputated leg) and became infected.

On Novemer 28, 2018, Plaintiff filed a Writ of Mandamus alleging defendants were in violation of Final Order 4:14-CV-01698 document 1188 for retaliation as to class action 4:14-Cv-01698. Hearing/Conference was conducted on Mandamus Proceeding November 28, 2018 before the Honorable Judge Keith Ellison, which said Mandamus was denied because Attorney representing defendants agreed to take corrective action.

On December 7, 2018, Plaintiff and other inmates housed on E-Bldg. were forced to carry their personal property and exceed their medical lifting restrictions. Defendant, Lt. Temple was left in charge of major shakedown. Upon Lt. Temple's Orders, Sgt. Mitchell D. Kroll, ordered everyone to exit the dorm with their personal property. Plaintiff proceeded to drag his personal property to GYM when Sgt. Kroll ordered Plaintiff to carry his personal property. Plaintiff informed Sgt. kroll that he was an amputee and has lifting restrictions. Sgt, Kroll became beligerent and said "Shut the F-up and get out of the way". Sgt. kroll continued to order Plaintiff to carry his personal property as camera footage on 20-dorm will reveal that Plaintiff carried his personal property into Hallway and then to the Gym. After

Plaintiff's personal property was searched, Lt. Temple forced Plaintiff upon order to carry his personal property back to his assigned housing, even after Plaintiff informed him he is handicapped, stating "if you can't carry it you shouldn't have it". As a result from being forced to carry his personal property, Plaintiff rubbed a sore on his leg (stump) again. Plaintiff went to Infirmary Janaury 3, 2019. This being forced to carry personal property is putting plaintiff as serious risk of serious injury. Plaintiff filed Step 1 and Step 2 grievances 2019049013 concerning December 7, 2018 Major Shakedown. On or about April 9, 2019 Step 2 was returned denied.

On or about March 8, 2019, Plaintiff submitted Writ of Mandamus to This Court, which Attorney General's Office filed Response with Assistant Warden, Wilder's Affidavit alleging carts and assistance was provided to Offenders on E-wing. Plaintiff filed Reply April 10, 2019 and Motion To Subpoena Video Footage of complained incident. Class Counsel, Scott Medlock 4:14-CV-01698 for Air Conditioned Lawsuit asks This Court to deny Plaintiff's Writ of Mandamus, but in his correspondence to Attorney General's Office: Leah O'Leary, Asst. Attorney General he admits Plaintiff was injured and went to Infirmary for medical attention January 3, 2019, and from his investigation comments were made that would suggest Retaliation as the motive. See Document 1402-2 Case 4:14-CV-01698 attached.

C. Has any court ever warned or notified you that sanctions could be imposed? \_\_\_ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: _____
          DATE

_____
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this \_\_\_3rd\_\_\_ day of \_\_May\_\_\_\_, 20 19\_\_.
           (Day)           (month)           (year)

*Shannon Mark Douthit*
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

5