IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON MARK DOUTHIT, <br> Plaintiff | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:19-cv-01712 |
| STATE OF TEXAS, et al., <br> Defendants | § <br> § <br> § | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure Bryan Collier, Sergio Perez, Robert Herrera, Mitchell Kroll and Felipe Peralta file this motion to dismiss for lack of jurisdiction and for failing to state a claim upon which relief may be granted, and respectfully offer the following:

**I.     STATEMENT OF THE CASE**

Plaintiff Shannon Mark Douthit is an inmate confined to the custody of TDCJ. Proceeding pro se and in forma pauperis Douthit filed suit pursuant to 42 U.S.C. § 1983, alleging deliberate indifference and violations of Title II of the Americans with Disabilities Act.

In addition to the present suit, Mr. Douhit is a current class member in the class action lawsuit *Cole v. Collier, et al.* Cause No. 4:14-cv-1698, which was resolved through settlement. *See Cole v. Collier, et al.* Cause No. 4:14-cv-1698, ECF Nos. 989-5; 1188. In that suit, Mr. Douhit filed a petition for writ of mandamus which sought individual relief related to his claim of carrying his property duirng shakedowns. *See* Ex. A, which includes the documents related to Mr. Douhit's filing in the class action. Judge Ellison reviewed Mr. Douthit's claims, responses filed by the parties, and issued an order denying Mr. Douthit's petition for writ of mandamus. Ex. A at 49-51. In his order, Judge Ellison noted that he retains jurisdiction as to matters related to enforcement of the settlement and may address claims of retaliation that are related to the settlement. *Id.* Judge Ellison also opined that while he denied Mr. Douthit petition for writ of

1

mandamus, Mr. Douthit may pursue his claims through this separately filed suit. *Id.* at 50. While the claims in this present suit reference the class action suit, based on the screening preformed by Judge Ellison, the claims Mr. Douthit now brings regarding monetary relief appear to be appropriately brought as a separate suit and do not seem to the be types of claims that need to be brought within the class action case.

In this suit, Mr. Douthit sues Bryan Collier, Sergio Perez, Robert Herrera, Mitchell Kroll and Felipe Peralta in their official capacities for money damages. ECF No. 1. Mr. Douthit alleges that Defendants were deliberately indifferent to his mobility impairment and violated Title II of the ADA. At all times relevant to his claims, Defendants were employed by TDCJ, a State of Texas agency.

## II. DEFENDANTS' MOTION TO DISMISS

**A. Motion to Dismiss Pursuant to Rule 12(b)(1). Mr. Douthit's claims for monetary damages against Bryan Collier, Sergio Perez, Robert Herrera, Mitchell Kroll and Felipe Peralta in their official capacities are barred by the Eleventh Amendment.**

Mr. Douthit's claims for monetary damages against Bryan Collier, Sergio Perez, Robert Herrera, Mitchell Kroll and Felipe Peralta in their official capacities are barred by the Eleventh Amendment. Neither a state nor a state official sued in his or her official capacity for damages is a "person" for purposes of liability under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Moreover, a suit for damages against a state official in his or her official capacity is not a suit against that individual but rather is a suit against the state. *Id.* The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under § 5 of the Fourteenth Amendment (in passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity"). *Id.* Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to 42 U.S.C. § 1983. Section 1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek to remedy against a state for alleged deprivations of civil liberties." *Id.*

Because TDCJ is an agency of the State of Texas and Bryan Collier, Sergio Perez, Robert Herrera,

Mitchell Kroll and Felipe Peralta were employed by TDCJ at all times relevant to this suit, Mr. Douthit's claims for monetary damages against them in their official capacities must be dismissed for lack of jurisdiction.

    **III.    Motion to Dismiss Pursuant to Rule 12(b)(6). Mr. Douthit's Title II ADA should be dismissed for failure to state a claim upon which relief may be granted.**

A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

Mr. Douthit lists Title II of Americans with Disabilities Act ("ADA") on the heading of his complaint and lists it again in the relief section of his complaint. ECF No. 1 at 1 and 4. Based on his references to Title II of the ADA and his request for damages, Mr. Douthit appears to seek money damages against defendants in their official capacity under Title II of the ADA. However, other than these two references to the ADA, Plaintiff does not allege any facts to support a claim for damages under Title II of the ADA.

3

To establish a cause of action under Title II of the ADA against a public entity, a plaintiff must establish: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination is by reason of his disability. *Melton v. Dallas Area Rapid Transit,* 391 F.3d 669, 671–72 (5th Cir. 2004); 42 U.S.C. § 12132.

Mr. Douthit does not allege any facts to support a prima facia claim for damages under Title II of the ADA and his mere listing of the cause of action without any factual support does not meet the pleadings standards set forth in *Twombly* and *Iqbal.*

Even liberally construing Mr. Douthit's complaint, he fails to state a claim under Title II of the ADA. Mr. Douthit generally alleges that he has a mobility impairment but does not explain how that is a disability that entitles him to relief under the ADA.  ECF No. 1 at 4. "[N]either the Supreme Court nor [the Fifth Circuit] have recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Griffin v. United Parcel Serv., Inc.,* 661 F.3d 216, 223 (5th Cir. 2011). Standing alone, the diagnosis of a condition, without any evidence that it substantially affects one or more major life activities, is insufficient to trigger the protections of the ADA. *Oswalt v. Sara Lee Corp.,* 74 F.2d 91, 92 (5th Cir. 1996). Major life activities are "those activities that are of central importance to most people's everyday lives." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).

Because Mr. Douthit does not explain how his major life activities are limited by his alleged disability, he has failed to allege facts to meet the first element of an ADA claim to show that he is a qualified individual with a disability. Mr. Douthit also fails allege facts to support the other elements because he does not plead any specific facts to demonstrate that he was denied any benefits or is

4

discriminated against by reason of a qualified disability and he does not identify any programs or services from which he is excluded.

Because Mr. Douthit complaint does not allege facts to support the elements of a prima facia Title II of the ADA claims, Defendants request that the Court dismiss this claim for failing to state a claim upon which relief may be granted.

## IV. CONCLUSION

For these reasons, Defendants respectfully ask the Court to grant their motion to dismiss for lack of jurisdiction and for failure to state a claim and dismiss all claims against them. Should the court decline to grant this motion, Defendants respectfully reserve the right to assert their defenses and deny the allegations against them in an answer or motion for summary judgment.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
Law Enforcement Defense Division
Southern District ID 2563655
Texas State Bar No. 24083162
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax No.
Jeanine.Coggeshall@oag.texas.gov

**Attorneys for Defendants**

## NOTICE OF ELECTRONIC FILING

I, **JEANINE M. COGGESHALL**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing, in accordance with the Electronic Case Files System of the Southern District of Texas on **December 9, 2019**.

>  */s/ Jeanine M. Coggeshall*
> **JEANINE M. COGGESHALL**
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JEANINE M. COGGESHALL**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing, has been served by placing it in United States Mail, postage prepaid, on **December 9, 2019**, addressed to:

Shannon Mark Douthit, #453033
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868
***Plaintiff Pro Se***

>  */s/ Jeanine M. Coggeshall*
> **JEANINE M. COGGESHALL**
> Assistant Attorney General