United States Courts
Southern District of Texas
FILED

MAR 12 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In Re SHANNON MARK DOUTHIT | § | |
| Relator | | |
| V. | § | CIVIL ACTION NO. 4:14-CV-01698 |
| BRYAN COLLIER, ET AL | § | |
| Respondents | | |

## PETITION FOR WRIT OF MANDAMUS PURSUANT TO
## F.R.A.P. § 1331 & RULE 21

Comes Now, Shannon Mark Douthit, Relator, asking this Court to issue mandamus and order Respondents to comply with Final Order And Judgment Approving Class Action Settlement & Attorney Fees Document 1188 page 19, paragraph 2, a ministerial duty for retaliation is prohibited 42 U.S.C.A. § 1997(d).

### RELIEF SOUGHT

ORDER TO CEASE RETALIATION.

### ISSUES PRESENTED:

1. Per Curium, the Court retains jurisdiction over enforcemnt of the Settlement, and may address substaniated claims of retaliation that are directly related to the Settlement and raised by class counsel.

### THE NECESSARY FACTS TO UNDERSTAND THE ISSUE

1. On 11-28-2018, Relator filed Mandamus in the Court concerning similar issue.

2. This Court held a hearing on Mandamus Proceeding 11-28-2018.

3. Counsel Representing Respondents agreed to take corrective action concerning Pack 1 Unit Staff forcing elderly and hanicapped offenders carry their personal property during major shakedown. Mandamus proceeding was denied.

4. However, Lt. Temple and Sgt. Kroll who were order to conduct the major shakedown starting December 3-7, 2018, continued the same conduct of retaliation from May 23, 2018 by forcing Douthit, Relator to carry his personal property exceeding medical restrictions (30 lbs Weight limit) causing Relator to fall in Gym and injure his amputated leg, again.

5. Douthit, Relator, filed Step 1 & Step 2 grievances 2019049013 concerning December 7, 2018 Major Shakedown on E-wing.  Assistant Warden, Wilder, denied claim stating we were provided carts and allowed to make multiple trips.  Douthit filed Step 2 which is currently pending.

6. Douthit brought this matter to the attention of Class Counsel, Edwards Law, Scott Medlock, and Relator has not received a thing indicating this matter has been resolved.

7. The following officers who were conducting the Major Shakedown were being deliberately indifferent--a continuation of the retaliation from the Class Action Settlement 4:14-CV-01698: Mark A. Temple, Lieutenant, and Mitchell D. Kroll, Sergeant.

## THE REASONS WHY THE WRIT SHOULD ISSUE:

Edwards Law Firm is Class Counsel and has a ministerial duty to investigate alleged violations under the settlement, resolve, and bring to the attention of the Court if the parties cannot resolve issues. 4:14-CV-01698 Document 1188 page 19.  The Court retains jurisdiction over enforcement of settlement, and may address substantiated claims of retaliation that are directly related to the settlement and raised by counsel. Id.  Relator submitted Unsworn Declarations (Claims of Retaliation to Edwards Law Firm October 2, 2018 and October 5, 2018 attached as Exhibits 1 & 2). After the December 7, 2018, Major Shakedown on E-wing, Relator, sent Unsworn Declaration to Edwards Law dated December 18, 2018. This Writ should issue because Asst. Attorney General, Leah Jean O'Leary agreed to resolve this issue November 28, 2018 Mandamus Proceeding. STATUS CONFERENCE.  And then during December 2018, defendants and their henchmen continued the same course of retaliation. Relator's claims of retaliation are not conclusionary, but a chronology of events from which retaliation can be inferred, especially when Major Perez stated:"You air heads have taken others out of their comfort zone so I'm going to take you out of yours".

Pack 1 Officials as described in Sworn Declarations, grievances, and Writ of Madamus have caused Relator, Class Member, physical injury repeatedly. Respondents have abused their discretion and Relator has no other remedies available.                     PRAYER

For reasons stated herein, Relator asks this Court to Issue Mandamus because Relator has demostrated a clear abuse of discretion by Respondents for retaliating against Class Members and subclass members in Violation of Final Order And Judgment Approving Class Action Settlement & Attorney Fees Document 1188 page 19, paragraph 2: The Court takes allegations of retaliation seriously, and Relator has no other Remedies.  For retaliation is prohibited by 42 U.S.C.A. § 1997(d).

Date: 3-8-2019

SHANNON MARK DOUTHIT, Relator
Class Member

UNSWORN DECLARATION OF SHANNON MARK DOUTHIT, TDCJ# 453033

I, Shannon Mark Douthit, TDCJ# 453033, Relator/Class Member, 4:14-CV-01698, incarcerated at Pack 1 Unit, Grimes County, Texas (TDCJ), declare under penalty of perjury 28 U.S.C.A. § 1746 the foregoing facts alleged herein are true and correct.

Executed on this 8th day March, 2019.

Shannon Mark Douthit, Relator
Class Member

CERTIFICATE OF SERVICE

I, Shannon Mark Douthit, TDCJ# 453033, Relator/Class Member 4:14-CV-01698 incarcerated at Pack 1 Unit, Grimes County, Texas, hereby certify true & correct carbon copies of the same petition for writ of Mandamus have been sent to Class Counsel, Edwards Law, and Counsel for Respondents Leah Jean O'Leary, Asst. Attorney General by placing it in U.S. Postal Service.

Date: 3-8-2019

Shannon Mark Douthit,

3.

## UNSWORN DECLARATION OF SHANNON MARK DOUTHIT

United States Courts
Southern District of Tex.
FILED
MAR 12 2019
David J. Bradley, Clerk of Court

1. On December 3, 2018, the Pack 1 Unit began its bianually major shakedown, and the Field Squad Officers were conducting the shakedown (personal property search) and Lt. Temple was in charge.

2. On the Day E-wing Rec. 2 side was scheduled to be searched December 7, 2018, I, Declarant, proceeded to drag my personal property to Gym and Sgt. Kroll ordered me to carry my personal property to Gym. I told Sgt. Kroll I am an amputee and have a 30 pound Medical lifting restriction. Sgt. Kroll became beligerent and said "Shut the fuck up and get out of the way". I stopped dragging my personal property. Sgt. Kroll said "If you can't carry it you shouldn't have it".

3. I, Declarant, started carrying my personal property into the small hallway that connects Rec. 1 side to Rec. 2 side on E-building where Lt. Temple had Hallway with inmates carrying their personal property.

4. The camera footage on E-wing will reveal I, Declarant, is telling the truth.

5. While I was in the Gym, I proceeded to carry me personal property to a table to be searched and Lt. Temple was yelling don't drag it carry it. I fell. Officer Mitchell witnessed the fall. I was not taken to the Infirmary and Lt. Temple was yelling "get up". Officer Bonniaby and Officer Williams were sitting at the same table.

6. An elderly Offender (Inmate) named William H. Blackwell, TDCJ# 1532742 who uses a Walker was forced to carry his personal property on 12-6-2018 as camera footage will show.

7. All other handicapped offenders housed on E-wing were forced to carry their personal property. This is a continuation of Retaliation from the Major shakedown in May when Major Perez stated "You air heads have taken others out of their comfort zone so I am going to take you out of your". This was brought to the attention of the Court November 28, 2018 in a Mandamus Proceeding/Conference, before the Honorable Judge Ellison 4:14-CV-01698.

8. TDCJ's Attorneys have not corrected the problem as they stated they would in the Mandamus Proceeding/Conference Hearing November 28, 2018.

Page 1 of 2

9. Declarant's Sickcall Requests to Infirmary at Pack Unit have gone ignored since the day he fell in Gym out of retaliation.  I request an Unit transfer to a Minimum security single level facility and air conditioned consistent with my heat sensitive medical condition: obesity.

10. I,declarant, filed another Step 1 grievance concerning the most recent Major Shakedown December 3-7, 2018.

### UNSWORN DECLARATION

I, Shannon Mark Douthit, TDCJ# 453033, Pack 1 Unit (TDCJ), Grimes County declare under the penalty of perjury 28 U.S.C.A. § 1746 that the foregoing facts set out in paragraphs are true and correct by my signature below:

Date Execute on: 12-18-2018

SHANNON MARK DOUTHIT

Page 2 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID  BAILEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1698 |
| | § | |
| BRYAN  COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the petition for writ of mandamus filed by Shannon Mark Douthit (TDCJ #453033). (Doc. No. 1390). The Court requests class counsel and Defendant to respond to Mr. Douthit's motion with information about the alleged retaliation by April 5, 2019.

**IT IS SO ORDERED**.

**SIGNED** this 20th day of March, 2019.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD ELVIN KING, LAVAR SANTEE, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, Plaintiffs, | § § § § § § § | |
| v. | § § | No. 4:14-cv-1698 |
| BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendants. | § § § § § § | |

## TDCJ'S RESPONSE TO MR. DOUTHIT'S PETITION FOR WRIT OF MANDAMUS

Defendants Texas Department of Criminal Justice, Bryan Collier, and Robert Herrera (collectively, TDCJ) submit this response to the Court's order for a response [ECF No. 1397] to a Petition for Mandamus filed in the district court. [ECF No. 1316] (The "Petition").

Mr. Shannon Mark Douthit is a class member who is currently housed in climate controlled housing at the Pack Unit in Navasota, Texas. In his Petition, Mr. Douthit complains that he was made to carry his personal property from his dorm to the gym during a routine annual unit shakedown. [ECF No. 1390 at 4]. A unit-wide shakedown involves a search of all areas of the prison, including housing areas. Mr. Douthit complains that due to his disability, he has trouble carrying his property bag. He also claims to have medically prescribed restriction from carrying anything over thirty pounds. Mr. Douthit claims that he fell and injured his leg as a result of being ordered to carry his personal property during the shakedown, which occurred from December 3 to December 7, 2018. [ECF No. 1390 at 4, ¶¶ 2, 5]. He claims this treatment was motivated by retaliation. [ECF No. 1390 at 4, ¶ 9]. He asks the court to order TDCJ to move him to a different unit that is "minimum security single level" and air-conditioned.

1

## Response

Initially, there is no record that Mr. Douthit sustained an injury during the shakedown between December 3 and December 7. *Exhibit A* (Mr. Douthit's medical records). ████████████ ████████████████████████████████████████████████████████████████████ *Exhibit A* at 4–14.  Had he fallen and injured himself, a unit incident report would have been generated and a medical response would have been requested, which would also generate records. *Exhibit B* at 2. One month later, █████████████████████████████████████ ████████████████████. *Exhibit B* (affidavit of Assistant Warden Wilder). Because so much time had passed since the shakedown, ███████████████████████████████ ████████████████████████████████████████████████████████████████████ █████████████████████████████. *Exhibit B.*

Regarding the procedures for a unit shakedown, inmates who are unable to carry their property bags are afforded the use of carts. Generally, SSI's (service support inmates) are assigned to help during the shakedown by pushing the carts around. *Exhibit B.* The Pack Unit has four large carts that are approximately eight feet long, and five small carts that are approximately four feet long, all of which are used for inmates' property during shakedowns. *Exhibit B* at 2. The unit will also utilize any other carts that are available, such as carts from the kitchen or mail carts that are not otherwise being used elsewhere. Inmates in wheelchairs are not required to remove their property from their housing area, and their dorms are searched with their property in place. Housing areas are searched in sections. Typically, all of the inmates' property from an entire section fits on one to two of the large carts. Occasionally, there may be a short wait for an available cart. *Exhibit B* at 2. Carts are not provided to individual inmates to use; rather, the carts are pushed around for multiple inmates to place their property on. The inmates then accompany the cart—and the SSI or officer pushing the cart—to the search area so that no inmate is separated from their personal property at any time.

2

No inmates are made to carry their personal property if they are unable to or have difficulty due to a disability. *Exhibit B* at 2. For any inmate using a walker or crutches, carts are utilized for their property. Mr. Douthit walks with a prosthetic, leaving his arms free.

At the time of the December 2018 shakedown, Mr. Douthit was housed in Bunk 9 of the expansion dorm. The distance between his bunk and the area where property searches took place is much less than 200 yards. The path is flat and without stairs. *Exhibit B* at 2. Because of the short distance, it is possible that carts were not utilized to move Mr. Douthit's property. Instead, to move the property this short distance, inmates are permitted to make multiple trips, solicit help from others, or drag the property bags. *Exhibit B* at 2.

To state a claim of retaliation, a claimant must show a violation of a specific constitutional right, a retaliatory motive, and but-for causation. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The Pack Unit Wardens report that nothing about the procedures during shakedown, including the use of carts, has changed. The Pack Unit has experienced changes in its population resulting in more inmates with disabilities. Based on the change in population, the unit is evaluating the need for additional carts. *Exhibit B* at 2. Mr. Douthit's allegation that he has been retaliated against because of the heat litigation is without merit; he fails to demonstrate but-for causation or a violation of constitutional right. *Woods*, 60 F.3d at 1164.

As to Mr. Douthit's allegation that Major Perez stated: "You air heads have taken others out of their comfort zone, so I'm going to take you out of yours," the claim is unsubstantiated. Major Perez no longer works at the Pack Unit. Assistant Warden Wilder investigated Mr. Douthit's specific allegations against Sergeant Kroll, which are also unsubstantiated. *Exhibit B* at 2. If Sgt. Kroll had observed any inmate fall, he would have initiated ICS (incident command system) and asked for a medical response. Sgt. Kroll also stated that due to the close proximality between the expansion dorms and the property search area, he allows inmates to make multiple trips if needed. *Exhibit B* at 2.

3

**The Court Lacks Jurisdiction to Issue a Writ of Mandamus**

Federal district courts are courts of limited statutory jurisdiction. *See Dunn–McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. § 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn–McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is TDCJ and its employees, none of which are federal officers, agents, or employees. They are not, therefore, subject to the statutory mandamus authority of a federal district court. This court lacks jurisdiction to grant Douthit's request for mandamus relief. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275 (5th Cir. 1973).

**Conclusion**

Because the court lacks jurisdiction to issue a writ of mandamus directing TDCJ to move Mr. Douthit to a different unit, and because Mr. Douthit's allegations are unsubstantiated, the Court should deny his petition.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN McCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

/s/ Leah O'Leary
**LEAH O'LEARY**
State Bar No. 24079074
Southern District No.: 1563191
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / (512) 936-2109 Fax
Leah.OLeary@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**
**COLLIER, HERRERA, AND TDCJ**

5

## NOTICE OF ELECTRONIC FILING

I, **Leah O'Leary**, Assistant Attorney General of Texas, do herby certify that I have electronically filed this pleading in accordance with the Electronic Case Files System of the Southern District of Texas, on April 5, 2019

*/s/ Leah O'Leary*
LEAH O'LEARY
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Leah O'Leary**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served to all attorneys of record by electronic notice in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure on April 5, 2019 and an unredacted copy was sent to Shannon Douthit via United States Mail to the address below:

Shannon Mark Douthit, # 453033
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

*/s/ Leah O'Leary*
LEAH O'LEARY
Assistant Attorney General

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD KING, MICHAEL DENTON, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:14-cv-1698 |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' COURT ORDERED RESPONSE IN OPPOSITION TO
SHANNON DOUTHIT'S PETITION FOR WRIT OF MANDAMUS**

Plaintiffs respectfully oppose Shannon Douthit's petition for writ of mandamus. Class

Counsel has been investigating Mr. Douthit's concerns by speaking with him, other inmates he

identified for Class Counsel, and other reliable inmates identified during the course of this

litigation. Class Counsel, however, is not empowered to unilaterally stop TDCJ from engaging in

the complained-of behavior and mandamus is not an appropriate remedy in this circumstance.

However, if the Court finds reason to suspect TDCJ's conduct is related to the settlement,

and constitutes retaliation, Class Counsel respectfully suggests that the Court order a show-cause

hearing (at TDCJ's expense) where TDCJ will be required to produce the officials Mr. Douthit

alleges made the retaliatory comments for cross examination by Class Counsel, and to produce

the evidence Mr. Douthit alleges exists (including the video recordings of the offending shake

downs).

## I. SUMMARY OF THE ARGUMENT

Several inmates have complained to Class Counsel that, beginning shortly after the settlement, TDCJ employed a burdensome shakedown practice in which elderly or disabled inmates were threatened with destruction of their belongings if they do not carry them, unassisted, across the Pack Unit facility. Though some inmates have alleged officers made statements that could indicate malicious intent (*see* Doc. 1390, p. 4, ¶ 7), Class Counsel has little recourse other than to trust TDCJ's initial assurances that the shakedown practice either did not occur or, if it did, was not malicious. TDCJ has consistently stated that the prison continues to provide carts for inmates to carry their belongings, the accommodation typically provided to elderly and disabled inmates during shake downs. When class members living in the E Building reported similar conduct again late last year, Class Counsel again promptly visited witnesses and requested further information from TDCJ. After Mr. Douthit's motion was filed, TDCJ again assured class counsel that no such practice had occurred. Ex. 5, Email from TDCJ Counsel, p. 1.

Given this posture, Mr. Douthit's motion should be denied as to Class Counsel. Class Counsel, though doubtful that mandamus is the appropriate remedy against TDCJ, takes no position on the merits of Mr. Douthit's allegations at this time as Class Counsel lacks sufficient evidence to support (or refute) his allegations. *See* FED. R. CIV. PROC. 11. Class Counsel has been diligently investigating, albeit with reluctance to involve the Court given the limited information available, and the difficult to verify nature of the allegations.

## II. NATURE & STAGE OF THE PROCEEDING

Plaintiffs are a class of prisoners at the TDCJ Pack Unit in Navasota, Texas. Doc. 1.

On June 14, 2016, this Court certified a class (and subclasses) of prisoners "who currently are, or in the future will be, incarcerated at the Pack Unit." Doc. 473, pp. 2–3, 22. On

July 19, 2017, this Court ordered preliminary relief for the class, in part requiring TDCJ to stop housing elderly and disabled class members in the dangerously hot temperatures inside the Pack Unit. Doc. 737.

On February 2, 2018, after a two-day mediation, the Pack Unit inmates and TDCJ informed the District Court of the settlement. On June 8, 2018, thirty days after a fairness hearing, the District Court entered final judgment approving the parties' settlement. Doc. 1188. The final judgment, among many other terms, provided that Class Counsel would continue to monitor conditions at the Pack Unit, and specifically would investigate allegations of retaliation. *See* Doc. 1188, pp. 19–20.

Once the class members returned to the Pack Unit, several reported that an unusual "unit-wide shakedown" had occurred in May 2018, shortly after they had first arrived back pursuant to the settlement. *See* Ex. 1. A unit-wide shakedown is a search of each inmate's entire living area, person, and collection of property, principally to check for contraband.[1] To accomplish the search, TDCJ typically requires every inmate to physically move all of their personal property to a common area while officers search their cell or, in a dormitory-style facility like the Pack Unit, their cubicle. The inmate is usually subjected to a strip search while their personal property is perused by officers. During a unit-wide shakedown, prisoners in each living area are required to move their belongings to the common area in sequence—for example, Dormitory 1 might have a shakedown on the first day, while the remaining dormitories are "on lockdown," and Dormitory 2 might have a shakedown on the second day, and so on, until the entire facility has been searched. Unit-wide shakedowns typically occur twice per year per prison.

---

[1] As this case has not touched on the shakedown practice, counsel has limited access to formal TDCJ policies on the subject and is relaying their general understanding from inmate reports and other litigation against TDCJ.

During unit shakedowns, TDCJ often requires inmates to physically carry their own property to the common area, but TDCJ has stated that carts are available at the Pack Unit for older adults and people with disabilities. Ex. 5, Email from TDCJ Counsel. In addition, inmates using wheelchairs are allegedly not required to pack their property at all. *Id.*

Rather than TDCJ's typical practice, however, at least three class members reported, in correspondence and during in-person interviews with Class Counsel, that in May 2018 they were not provided carts to move their belongings to the common area during a "shakedown" of the Pack Unit in May 2018. Inmates could observe un-used carts available, but they reported being prohibited from using them. *See* Ex. 1.[2] Class Counsel conferred with TDCJ about this issue before the next unit-wide shakedown, in December 2018. Ex. 1.

Nonetheless, some class members again reported similar problems following the winter unit-wide shakedown at the Pack Unit. According to the inmates Class Counsel spoke to, in December 2018 the problems with the shakedown were confined to the E Building (where Mr. Douthit states he resides), and did not extend to other portions of the prison. Class Counsel, in turn, again reported the issue to TDCJ and again asked for further information on January 18, 2019, on March 12, 2019, and (after Mr. Douthit's motion was filed) on March 28, 2019. Ex. 2, 3, 5, pp. 2–3.

On March 12, 2019, before Mr. Douthit served his petition,[3] TDCJ responded to class counsel by stating that it would investigate, but also asserting that TDCJ "do[es] not see this issue as remotely related to the heat litigation" and that it would not compensate Class Counsel for hours incurred working on the issue. Ex. 4 (showing TDCJ Counsel's email).

_____

[2] Perhaps unsurprisingly, this is a common inmate allegation. *See*, *e.g.*, *Clewis v. Hirsch*, No. H-13-2308, 2016 WL 1258404 (S.D. Tex. March 30, 2016).

[3] Counsel received notice of Mr. Douthit's petition on March 15, 2019. Ex. 6.

4

On March 15, 2019, Mr. Douthit's petition was distributed to counsel by the Court's electronic case filing system. *See* Ex. 6.

On March 28, 2019, Class Counsel followed up with TDCJ again, and counsel for TDCJ advised that the allegation does not match the Pack Unit shakedown practice. Ex. 5.

## III.  STANDARD OF REVIEW

As part of the settlement agreement, Class Counsel conducts ongoing monitoring of the settlement terms. *See* Doc. 989-4, p. 16, ¶ 6.2(d). TDCJ's counsel is responsible for cooperating with Class Counsel's monitoring duties and compensating Class Counsel for time spent on them, subject to an annual fee cap. *Id.* pp. 16–17, ¶¶ 6.2, 6.2(f). Alleged violations of the agreement are to be submitted exclusively to Class Counsel, and Class Counsel may request that the Court dispose of any claimed violations. Doc. 989-4, p. 13, ¶ E.1. The Court retains jurisdiction to enforce the agreement. Doc. 989-4, p. 21, ¶ 7.6.

"[T]he writ of mandamus is an extraordinary remedy reserved for extraordinary situations. Traditionally, federal courts have exercised their mandamus power only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *In re Am. Marine Holding Co.*, 14 F.3d 276, 277 (5th Cir. 1994) (quoting *Gulf Stream Aerospace Corp. v. Mayacamus Corp.*, 485 U.S. 271, 289 (1988)) (internal citations omitted).

Federal law prohibits prisons from retaliating against inmates for "reporting conditions which may constitute a violation" of the Constitution, including for reporting them in administrative proceedings required by the PLRA. 42 U.S.C. § 1997d. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act,

and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation is actionable "if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Brunson v. Nichols*, --- F.3d ----, 2017 WL 5476800 (5th Cir. Nov. 15, 2017).

## IV.    ARGUMENT AND AUTHORITIES

As an initial matter, the style of Mr. Douthit's filing is incorrect. A writ of mandamus is reserved for ordering completion of ministerial acts by government officials, and, in federal court, typically it only arises in narrow situations where an appellate could not suffice to protect from a lower court's order. *See In re Am. Marine Holding Co.*, 14 F.3d at 277. Class Counsel could not identify any federal authority using this power to order counsel to act, and Mr. Douthit cites none. In addition, Class Counsel's duties under the settlement are not ministerial—before Class Counsel can act on a complaint, counsel must make strategic decisions about how to proceed, including by evaluating whether individual class member complaints merit action at all. *See* FED. R. CIV. PROC. 11.

However, Class Counsel agrees that Mr. Douthit's sworn allegations (if true) are potentially troubling, and that TDCJ has not provided sufficient evidence, as of this writing, to refute them. If Mr. Douthit's allegations are true, then they suggest that an official chose to alter normal procedures, and that at least one official made comments suggesting the change had a retaliatory motive. Accordingly, if the Court agrees that Mr. Douthit's allegations, if true, would constitute retaliation, the Court should order a show cause hearing (at TDCJ's expense)[4] where

---

[4] Class Counsel suggests a show cause hearing as the least burdensome, and most efficient means to dispose of Mr. Douthit's allegations. In the alternative, the Court could order, at TDCJ's expense, brief, 1-hour depositions of the officers Mr. Douthit identifies (Major Perez, Lieutenant Temple, and Sergeant Kroll), and for TDCJ to produce relevant documents (including

6

witnesses will be presented to potentially refute (or confirm) Mr. Douthit's allegations, and where the evidence Mr. Douthit alleges exists (such as the video recordings)[5] be produced, so that the Court can order appropriate relief under the settlement agreement.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court deny Mr. Douthit's petition for writ of mandamus as to Class Counsel, but, if Mr. Douthit's claims cause the Court concern, order a show cause hearing at TDCJ's expense (or order any other appropriate relief the Court may prefer). In the alternative, Class Counsel would ask that the Court direct Mr. Douthit that he may file a separate suit concerning these matters (provided he has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act).

Dated: April 5, 2019.

---

grievances, disciplinary reports, medical records of Mr. Douthit and other inmates who consent, and video recordings from the relevant locations) to be reviewed at TDCJ's expense.

[5] Class Counsel would specifically direct the Court to the video recordings that Mr. Douthit alleges exist showing the conduct of the May and December 2018 shakedowns in E Building, where Mr. Douthit resided and was allegedly not provided an accommodation for his disability.

7

Respectfully submitted,

EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
      Tel.    (512) 623-7727
      Fax.   (512) 623-7729


By: _/s/ Scott Medlock_____
JEFF EDWARDS
State Bar No. 24014406
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
Michael Singley
Texas Bar No. 00794642
David James
State Bar No. 24092572
Federal ID No. 2496580

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas. A copy of the foregoing and all exhibits hereto have also been placed in the mail to Mr. Douthit.


      _/s/ Scott Medlock_____
      Scott Medlock

8



JEFF EDWARDS
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
jeff@edwards-law.com

| MIKE SINGLEY | SCOTT MEDLOCK | DAVID JAMES | WALLIS NADER |
|---|---|---|---|
| ATTORNEY AT LAW | ATTORNEY AT LAW | ATTORNEY AT LAW | ATTORNEY AT LAW |
| mike@edwards-law.com | scott@edwards-law.com | david@edwards-law.com | wallis@edwards-law.com |

**VIA EMAIL**

<div align="center">October 8, 2018</div>

Leah O'Leary
Darren McCarty
Jeannine Coggeshall
Assistants Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Fax.  512-936-2109
leah.oleary@oag.texas.gov
darren.mccarty@oag.texas.gov
Jeanine.coggeshall@oag.texas.gov

> RE:   *Cole v. Livingston, et al.*, No. 4:14-cv-01698
>          U.S. District Court, Southern District of Texas, Houston Division

Dear Ms. O'Leary,

I write regarding our most recent monitoring visit to the Pack Unit on October 3, 2018. Two concerning matters were brought to our attention that we hope TDCJ intends to resolve. A number of inmates have informed us they consider these matters retaliation, which we are duty-bound to investigate in our role as Class Counsel.

**A.  Condensation**

Inmates have informed us that the air conditioning is creating significant condensation that is dripping onto inmates' bunks and the walkways between bunks at the Pack Unit. We hear that the inmates who live directly underneath the air conditioning units stay wet throughout the day because there is nothing to stop the condensation or catch the water before it reaches the bunk below. Since we understand that this is a problem that is primarily affecting only a few inmates, a reasonable solution would be for TDCJ to move these inmates to a different bunk or develop a method to address the condensation so that it does not continue to be a problem for these inmates.

Please inform us by October 20, 2018, how TDCJ intends to address this issue in the future.

**B.  Shakedown in May 2018**

Several inmates with disabilities that affect their mobility and/or lifting restrictions have informed us officers forced them to carry or drag all of their belongings (including

THE HAEHNEL BUILDING | 1101 EAST 11TH STREET | AUSTIN, TX 78702
EDWARDS-LAW.COM | TOLL FREE (888) 325-5677 | TEL (512) 623-7727 | FAX (512) 623-7729

Exhibit A, Page 21 of 51

heavy books) from their dormitory to the gym during the shakedown in May 2018. These inmates also informed us they were told that their belongings would be thrown away if they did not carry them. This is in contrast to what we understand is the usual practice during shakedowns of accommodating these inmates with carts to transport their belongings to and from the gym. We also understand that several carts were, in fact, available during the shakedown, but that many inmates were not permitted to use them. When we investigated this issue, we observed that a number of the inmates who maintain they were forced to carry or drag their belongings use a cane or walker to ambulate. It is particularly troubling that these inmates claim to have endured considerable pain while being forced unnecessarily to carry their belongings when carts were seemingly available.

Please provide us your assurance that the Pack Unit will resume the practice of properly accommodating these inmates at future shakedowns.

### C. Law Library Policies

We wanted to make you aware that we have heard from a number of inmates who complain that the procedures governing law library access at the Pack Unit have become more restrictive in the last couple of months. Due to their inconsistency with TDCJ's written policies, we are concerned these new law library policies are creating confusion among inmates at the Pack Unit who use the law library. The inmates perceive these changes to be retaliatory.

For example, we are told inmates at the Pack Unit are now being required to fill out a form titled Verification of Offender Case Number of Court Deadline for Subsequent Storage Container Review to request extra time in the law library, when previously they only had to complete an I-60. This new policy seems to conflict with the Offender Orientation Handbook, which states: "Any offender who demonstrates the need for extra time for law library use should submit an I-60, Offender Request to an Official, to the unit ATC Supervisor. Except for good cause, such requests shall be granted for use of the law library during the period an offender is not involved in programmatic activities." Inmates have also stated that they are being told that they cannot return to the law library for extra time if they leave to use the restroom before the end of the time period allotted for inmates to have extra time in the law library. This restroom issue is concerning at the Pack unit given the huge number of elderly and disabled inmates who experience incontinence.

Inmates also claim they must use the Verification of Offender Case Number form to request the assistance of another inmate with legal matters; whereas, previously they had only to submit an I-60 in accordance with the Offender Orientation Handbook, which states: "Offenders may request a legal visit for the purpose of conferring with another offender on legal matters by sending an I-60, Offender Request to an Official, to the unit ATC Supervisor."

Finally, we have been informed that the Pack Unit has not made the final judgment in *Cole v. Collier* (Doc. 1188) available to the inmates in the law library. We ask that you please make this document available to inmates in the law library.

Thank you for your time and attention to these matters. Please do not hesitate to contact me if you would like to discuss further.

Sincerely,

Scott Medlock



# EDWARDS LAW

| JEFF EDWARDS | SCOTT MEDLOCK | DAVID JAMES | MIKE SINGLEY |
|---|---|---|---|
| BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW | ATTORNEY AT LAW | ATTORNEY AT LAW | ATTORNEY AT LAW |
| TEXAS BOARD OF LEGAL SPECIALIZATION | scott@edwards-law.com | david@edwards-law.com | mike@edwards-law.com |
| jeff@edwards-law.com | | | |

**VIA FACSIMILE AND EMAIL**

January 18, 2019

Leah O'Leary
Darren McCarty
Jeannine Coggeshall
Assistants Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Fax.  512-936-2109
leah.oleary@oag.texas.gov
darren.mccarty@oag.texas.gov
Jeanine.coggeshall@oag.texas.gov

RE:    *Cole v. Livingston, et al.*, No. 4:14-cv-01698
          U.S. District Court, Southern District of Texas, Houston Division

Dear Leah:

I write regarding the recent "shakedown" that occurred at the Pack Unit. According to inmates in E-Wing, carts were again not provided for inmates with disabilities to transport their belongings. This time, the problem seems to have been limited to inmates living in E-Wing.

According to the inmates I spoke with (whom I consider reliable), the officers searching the inmate property in A and B Wing conducted the property searches in the inmates' cubicles. This seems a reasonable accommodation for inmates with mobility disabilities (who, it is my understanding, are predominantly housed in this buildings). Likewise, it is my understanding that carts were provided for the inmates with lifting and carrying restrictions living in C and D Wings. Again, this accommodation seems reasonable.

Unfortunately, according to the inmates I spoke with, this did not happen in E Wing. According to the inmates I spoke with, in E Wing, there is a small, adjacent recreation area where the property searches took place. Inmates in E Wing, including those with physical disabilities, were required to carry (or drag) all their property to this recreation area. Unfortunately, for the small number of inmates with significant physical disabilities living in E Wing, this posed an insurmountable obstacle. One inmate told me that he fell and injured himself while attempting to drag his property to the small recreation area. According to the inmates, this incident should have been recorded on video (which I respectfully ask you to preserve).

THE HAEHNEL BUILDING | 1101 EAST 11TH STREET | AUSTIN, TX 78702
EDWARDS-LAW.COM | TOLL FREE (888) 325-5677 | TEL (512) 623-7727 | FAX (512) 623-7729

Exhibit A, Page 24 of 51

Please give me a call to discuss this matter. I understand the difficulty in proving that any of the above is retaliation (though several inmates have told me they heard officers making comments at the May 2018 shakedown that could suggest that motive). Nonetheless, these inmates' disabilities are also not being accommodated when readily available accommodations exist.

Sincerely,

Scott Medlock



# EDWARDS LAW

**JEFF EDWARDS**
Board Certified – Personal Injury Trial Law
Texas Board of Legal Specialization
jeff@edwards-law.com

**SCOTT MEDLOCK**
Attorney at Law
scott@edwards-law.com

**DAVID JAMES**
Attorney at Law
david@edwards-law.com

**MIKE SINGLEY**
Attorney at Law
mike@edwards-law.com

**VIA EMAIL**

March 12, 2019

Leah O'Leary
Jeannine Coggeshall
Assistants Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Fax. 512-936-2109
leah.oleary@oag.texas.gov
Jeanine.coggeshall@oag.texas.gov

      RE:    *Cole v. Livingston, et al.*, No. 4:14-cv-01698
              U.S. District Court, Southern District of Texas, Houston Division

Dear Leah,

On January 18, 2019, I wrote you concerning the December 2018 shakedown that occurred at the Pack Unit. According to the inmates I spoke to (many of whom I consider reliable), inmates with physical disabilities living in E wing were not provided accommodations during the shakedown, and were forced to carry (or drag) their belongings. At least one inmate alleges he was injured in this event, and alleges that the security cameras should have recorded the event. I have not had any follow-up communication with you regarding this incident.

Please inform me how TDCJ intends to address this issue in the future so that similar incidents do not happen in the future.

Sincerely,

Scott Medlock



**From:** **Scott Medlock** scott@edwards-law.com
**Subject:** Re: Cole v. Livingston et al.
**Date:** March 12, 2019 at 1:19 PM
**To:** O'Leary, Leah  Leah.OLeary@oag.texas.gov,  Willy Ramirez  willy@edwards-law.com,  Coggeshall, Jeanine  Jeanine.Coggeshall@oag.texas.gov

Leah,

As I believe was made clear in the prior letter, the inmates are alleging they are being mistreated during the shake-downs as retaliation for the outcome of the lawsuit. That squarely falls within the settlement monitoring terms. (Though, as I expect we will well exceed the number of hours allocated under the settlement agreement again this year, I doubt disputes about attorneys' fees will be meaningful).

Please also be assured that I bring only a small number of the "retaliation" allegations to your attention, and do so only when a significant number of inmates who have proved to be reliable in the past provide me with credible information.

Scott

Scott Medlock
Attorney
Edwards Law Group
1101 E. 11th St.
Austin, TX 78702
(512) 623-7727
(512) 623-7729 [fax]
www.edwards-law.com

This email and any files attached are privileged and confidential, and is/are intended only for the individual named.  If you are not the intended recipient or otherwise have reason to believe that you have received this message in error, please notify the sender by email and delete this message immediately from your computer.  Any other use, retention, dissemination, forwarding, printing, or copying of this message and any attachments is strictly prohibited.

**From:** "O'Leary, Leah" <Leah.OLeary@oag.texas.gov>
**Date:** Tuesday, March 12, 2019 at 1:04 PM
**To:** Willy Ramirez <willy@edwards-law.com>, "Coggeshall, Jeanine" <Jeanine.Coggeshall@oag.texas.gov>
**Cc:** Scott Medlock <scott@edwards-law.com>
**Subject:** RE: Cole v. Livingston et al.

Scott,

I will forward this to TDCJ. But please note that we do not see this issue as remotely related to the heat litigation. I understand you feel you need to forward your client's complaints, but we intend to scrutinize attorneys' fees as they should be limited to monitoring the terms of the settlement. This issue would not fall within that role.  Thank you.

*Leah O'Leary*

Assistant Attorney General
Deputy Chief-Law Enforcement Defense Division
Leah.Oleary@oag.texas.gov
Phone: 512-463-2080
Fax: 512-370-9918

---

**From:** Willy Ramirez [mailto:willy@edwards-law.com]
**Sent:** Tuesday, March 12, 2019 11:26 AM
**To:** O'Leary, Leah <Leah.OLeary@oag.texas.gov>; Coggeshall, Jeanine
<Jeanine.Coggeshall@oag.texas.gov>
**Cc:** Scott Medlock <scott@edwards-law.com>
**Subject:** Cole v. Livingston et al.

Ms. O'Leary,

Please find attached correspondence from Scott Medlock regarding the December 2018
shakedown that occurred at Pack Unit.

Willy Ramirez
Legal Assistant
Edwards Law Group
1101 E. 11th St.
Austin, TX 78702
(512) 623-7727
(512) 623-7729 [fax]
willy@edwards-law.com

This email and any files attached are privileged and confidential, and
is/are intended only for the individual named.  If you are not the
intended recipient or otherwise have reason to believe that you have
received this message in error, please notify the sender by email and
delete this message immediately from your computer.  Any other use,
retention, dissemination, forwarding, printing, or copying of this message
and any attachments is strictly prohibited.

## RE: Cole v. Collier - LeBlanc SOTP Issue

**From:** O'Leary, Leah <Leah.OLeary@oag.texas.gov>
**Sent:** Fri, Mar 29, 2019 at 1:18 pm
**To:** david@edwards-law.com
**Cc:** Scott Medlock, Coggeshall, Jeanine, Jeff Edwards

Scott and David,

Please provide the names of any inmate who claims he is not being admitted to the program. We need to have someone to look up in order to investigate a problem with him getting in the program. I forwarded your original letter to TDCJ to look into it. Inmates come in and come out of the SOPT program constantly. If there is a problem with someone in particular, I need to know who. There may be specific reasons if a particular offender has not been admitted to SOPT. But the only way to know that is to look at his file.

As to Mr. Douthit, we have investigated the matter. He was seen by medical personnel on 1/3/19 complaining of a sore on his amputated leg. Medical noted it as a sore, possibly from the prosthetic rubbing against the skin.

The Pack Unit has not made any changes to its use of carts to aid prisoners with property during shakedowns. The same carts and same procedures are used as were before the litigation. The Unit has 4 large carts that are about 8 feet long and 5 small carts that are about 4 feet long to carry property for offenders. During unit-wide shakedowns, they also utilize carts from around the unit that are not otherwise being used, such as kitchen or laundry carts. SSI's assist with property during shakedowns as well. When officers search a specific area, they bring carts with them, along with SSIs to help carry property. All inmate property for an entire search area usually fits on 1 or 2 of the large carts. Carts are not given to individual inmates for just their own property. Inmates in wheelchairs are not required to pack up their property-their cubicles are searched with the property in place. This has been the procedure since before the litigation. The unit generally has the same number of carts as they have had for years.

The alleged comments by officers are unsubstantiated. The staff at the Pack unit are diligent and sensitive to allegations of retaliation and we have no reason to believe that the alleged comments were made.

**From:** david@edwards-law.com [mailto:david@edwards-law.com]
**Sent:** Thursday, March 28, 2019 6:15 PM
**To:** O'Leary, Leah <Leah.OLeary@oag.texas.gov>

4/2/2019

Case 4:19-cv-01702   Document 14-2   Filed on 12/09/19 in TXSD   Page 31 of 51
Case 4:14-cv-01698   Document 1402-5   Filed on 04/05/19 in TXSD   Page 2 of 3

**Cc:** Scott Medlock <scott@edwards-law.com>; Coggeshall, Jeanine <Jeanine.Coggeshall@oag.texas.gov>;
Jeff Edwards <jeff@edwards-law.com>
**Subject:** RE: Cole v. Collier - LeBlanc SOTP Issue

Leah:

This is the letter Scott refers to in his email below, originally sent on the 15th.

Sincerely,
David James
---------------------------------
Edwards Law
1101 East 11th Street
Austin, TX 78702
(512) 623-7727
(512) 623-7729 (fax)

This email and any files attached may be privileged and confidential, and the message is intended
only for the individuals named.  If you are not the intended recipient, please notify the sender by
email and delete this message immediately from your computer.


-----Original Message-----
From: "Scott Medlock" <scott@edwards-law.com>
Sent: Thursday, March 28, 2019 5:57pm
To: "O'Leary, Leah" <Leah.OLeary@oag.texas.gov>, "Coggeshall, Jeanine"
<Jeanine.Coggeshall@oag.texas.gov>
Cc: "david@edwards-law.com" <david@edwards-law.com>, "Jeff Edwards" <jeff@edwards-
law.com>
Subject: Cole v. Collier - LeBlanc SOTP Issue

Leah,

We have not received a response to our correspondence regarding the sex offender treatment program at the
LeBlanc Unit. I have attached our original correspondence for your convenience.

If the inmates allegations regarding the SOTP program are true – and the evidence we have viewed thus far
strongly suggests they are – this appears to be a serious breach of the settlement agreement. Please call me
about this no later than April 3. Otherwise, we intend to bring this issue to the Court's attention and seek
appropriate relief.

Exhibit A, Page 31 of 51

4/2/2019

Case 4:19-cv-01702   Document 14-2   Filed on 12/09/19 in TXSD   Page 32 of 51
Case 4:14-cv-01698   Document 1402-3   Filed on 04/05/19 in TXSD   Page 3 of 3

I believe it would also be in both sides best interests to discuss Mr. Douthit's allegations next week, before our respective reports to the Court are due. Please let me know when you are available. Thanks.

Scott

Scott Medlock
Attorney
Edwards Law Group
1101 E. 11th St.
Austin, TX 78702
(512) 623-7727
(512) 623-7729 [fax]
www.edwards-law.com

This email and any files attached are privileged and confidential, and is/are intended only for the individual named.  If you are not the intended recipient or otherwise have reason to believe that you have received this message in error, please notify the sender by email and delete this message immediately from your computer.  Any other use, retention, dissemination, forwarding, printing, or copying of this message and any attachments is strictly prohibited.

## Activity in Case 4:14-cv-01698 Cole et al v. Collier et al <B><font color=red> Filings submitted by pro se interested parties should first be reviewed by the Court before filing.</font></B> Complaint

From:   DCECF_LiveDB@txs.uscourts.gov

Sent:   Fri, Mar 15, 2019 at 12:16 pm

To:   DC_Notices@txsd.uscourts.gov

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**SOUTHERN DISTRICT OF TEXAS**

</div>

## Notice of Electronic Filing

The following transaction was entered on 3/15/2019 at 12:16 PM CDT and filed on 3/12/2019

**Case Name:**   Cole et al v. Collier et al <span style="color:red">**Filings submitted by pro se interested parties should first be reviewed by the Court before filing.**</span>

**Case Number:**   4:14-cv-01698

**Filer:**   Shannon Mark Douthit

**Document Number:**   1390

**Docket Text:**

<span style="color:blue">**PETITION FOR WRIT OF MANDAMUS PURSUANT TO F.R.A.P. 1331 & Rule 21 against All Defendants filed by Shannon Mark Douthit.(mmarquez, 5)**</span>

**4:14-cv-01698 Notice has been electronically mailed to:**

Briana Marie Webb     briana.webb@oag.texas.gov, deborah.woltersdorf@oag.texas.gov

David Anthony James     david@edwards-law.com

Derek Josef Kammerlocher     dkammerlocher@macdonalddevin.com

Esteban Soto     Esteban.Soto@oag.texas.gov, caroline.taylor@oag.texas.gov, esteban.s.soto@gmail.com

Jeffrey S Edwards     jeff@edwards-law.com, david@edwards-law.com, greg@edwards-law.com, mike@edwards-law.com, scott@edwards-law.com, willy@edwards-law.com

Jeremy L Doyle     jdoyle@reynoldsfrizzell.com, dfoley@reynoldsfrizzell.com, mdavis@reynoldsfrizzell.com

John S Langley     john.langley@oag.texas.gov

Leah Jean O'Leary     leah.oleary@oag.texas.gov, Amy.Lee@tdcj.texas.gov, Calysta.Lantiegne@TDCJ.TEXAS.GOV, James.Rheams@OAG.TEXAS.GOV, Jeanine.Coggeshall@oag.texas.gov,

Kamilla.Stokes@TDCJ.TEXAS.GOV, Nicholas.Larkin@oag.texas.gov, Pearlie.Gault@TDCJ.TEXAS.GOV, Ruben.Zapata@TDCJ.TEXAS.GOV, Sherry.Hightower@oag.texas.gov

Matthew J Greer     matthew.greer@texasbar.com

Michael C Singley     mike@edwards-law.com

Natalia Marissa Cornelio     natalia@texascivilrightsproject.org, christopher@texascivilrightsproject.org, hou_ecf@fd.org, irene_weaver@fd.org, Nataliacornelio@gmail.com

Nathan M Smith     nsmith@reynoldsfrizzell.com, mhyland@reynoldsfrizzell.com

Scott Charles Medlock     scott@edwards-law.com, david@edwards-law.com, jeff@edwards-law.com, justin@edwards-law.com, shannon@edwards-law.com, wallis@edwards-law.com

Wallis Anne Nader     wallis@texascivilrightsproject.org, christopher@texascivilrightsproject.org

**4:14-cv-01698 Notice has not been electronically mailed to:**

Albert Hunter
2070346
Wallace Pack
2400 Wallace Pack Rd
Navasota, TX 77868

Anthony Ray Banks
725673
TelFord Unit
3899 State Hwy 98
New Boston, TX 75520

Antwain Burks
1913867
Richard P Leblanc Unit
3695 FM 3514
Beaumont, TX 77705

Barry Newman
1733001-TC-3-34
Pack One Unit
2400 Walace Pack Rd
Navasota, TX 77868

Billy Joe Britton
1757852
Pack Unit A-3-25
2400 Wallace Pack Rd.
Navasota, TX 77868

Casey Kaleb Kofnovel
#1829587
Hutchins State Jail

Charles A Malouff, Jr
1978590
Wallace Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Charles L Williams
757877
Pack I Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Charles C Taylor, Jr(Terminated)
1347697
Hutchins Unit
1500 East Langdon Rd
Dallas, TX 75241

Charlie Malouff
1978590
Wallace Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Christopher Guffey(Terminated)
#1903625
Hutchins Unit
1500 E Langdon Rd
Dallas, TX 75241

Clayton Wilson
1175813
LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Clem Hollingsworth
2104025
LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Clifford Fairfax(Terminated)
418151
TDCJ LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Daniel Puga
2066114
Wallace Pack Unit
2400 Wallace Pack Rd

Navasota, TX 77868

Darl Allen Stewart
679827
Pack 1
2400 Wallace Pack Rd
Navasota, TX 77868

David C Garrett
Wallace Pack
2400 Wallace Pack Unit
Navasota, TX 77868

David Robert Veazey, Jr(Terminated)
1921838
Hutchins Unit
1500 E. Landgon Road
Dallas, TX 75241

Dennis Pickard(Terminated)
#1838141
Hutchins Unit
1500 E. Langdon Rd.
Dallas, TX 75241

Derek M. Bailey
689542
Hughes Unit
Rt 2 Box 4400
Gatesville, TX 76597

Dung Tran

Dusty Seaton
1925508
Leblanc Unit
3695 FM 3514
Beaumont, TX 77705

Emery F. Smith(Terminated)
#687002
Hutchins Unit
1500 East Langdon Road
Dallas, TX 75241

Eric Demond Lozano
A.M. Stringfellow Unit
1200 FM 655
Rosharon, TX 77583

George S. Clegg
681197

4/2/2019        Activity in Case 4:14-cv-01698 &... Document 1462-6 Filed on 04/05/19 in TXSD ... the Court before filing.&lt;/font&gt;&lt;/B&g...

Case 4:14-cv-01698   Document 1462-6   Filed on 04/05/19 in TXSD   Page 5 of 11

LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Herman Arthur Peterman
525011
Richard P LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Jack Reeves
739133
Pack 1 Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Jackie Staley(Terminated)
1886483
Hutchins State Jail
1500 E Langdon Rd
Dallas, TX 75241

James A. Meeks
543366
Estelle Unit
264 FM 3478
Huntsville, TX 77320

James E Archer, Jr
564695
Pack One Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

James Stephen(Terminated)
1890872
Hutchins Unit
1500 E. Langdon Rd
Dallas, TX 75241

James Michael Camarata(Terminated)
1830434
TDCJ
1500 E. Langdon Rd.
Dallas, TX 75241

Jason P. Smith
1118542
LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Jason Bridges(Terminated)

Exhibit A, Page 37 of 51

4/2/2019     Activity in Case 4:14-cv-01698 ... the Court before filing.&lt;/font&gt;&lt;/B&g ...

Case 4:14-cv-01698 Document 1402-6 Filed on 04/05/19 in TXSD Page 6 of 51

1816679
Hutchins Unit
1500 E. Langdon Rd.
Dallas, TX 75241

Jay Yoon Chung
1876067
1500 E. Langdon Rd.
Dallas, TX 72541

Jeffery Dobbins
2092746
Leblanc Unit
3695 FM 3514
Beaumont, TX 77705

Jeffrey R Adams
632670
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Jerry L. Thomas
568754
Leblanc Unit
3695 F.M. 3514
Beaumont, TX 77705

John Cloud
11702 Bowlan Lane
Houston, TX 77035-2214

John Ford
661737
Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Jorge Jones(Terminated)
1934436
1500 E. Langdon Rd.
Dallas, TX 75241

Joseph Peter Le'Dee'(Terminated)
#1262929
Eastham Unit/TDCJ-ID
2665 Prison Road #1
Transient Status Overflow
M-Line 2-12-B
Lovelady, TX 75851

Kelvin Jones
#1777657

4/2/2019 Activity in Case 4:14-cv-01698 &amp; Document 1462-6 Filed on 04/05/19 in TXSD Page 7 of 11 Court before filing.&lt;/font&gt;&lt;/B&g …

Case 4:14-cv-01698 Document 1462-6 Filed on 04/05/19 in TXSD Page 7 of 11

Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Lakeith R. Amir-Sharif
1505969
LeBlanc Prison Unit
3695 FM 3514
Beaumont, TX 77705

Leo Motte(Terminated)
1910822
Hutchins Unit
1500 E. Langdon Rd
Dallas, TX 75241

Marcus Natt
1827898
1500 E. Langdon Rd
Dallas, TX 75241

Mario Martinez
Hightower Unit
902 FM686
Dayton, TX 77535

Michael Walton
1546568
LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Patrick Ford
1564102
LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Paul Minix(Terminated)
#638154
Eastham Unit
2665 Prison Rd
Lovelady, TX 75851

Quincy Deshan Butler
01899541
Eastham Unit
2665 Prison Rd 1
Lovelady, TX 75851

R Wayne Johnson
#282756
9601 Spur 591

Clements
Amarillo, TX 79107-9606

Raymond Torres
#860248
Stringfellow Unit
1200 FM 655
Rosharon, TX 77583

Richard Jaxson
468760
Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Richard Lares
1592255
LeBlanc Unit
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Robert Gutierrez
563113
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Robert Arthur Voris
1225841
Leblanc Unit
3659 Fm 3514
Beaumont, TX 77705

Robert Leon Roberts
328150
Connally Unit
899 FM 632
Kenedy, TX 78119

Robert Lewis Hall
1861148
Pack One
2400 Wallace Pack Rd
Navasota, TX 77868

Robert W Jurek
1826038
Hutchins Unit
1500 East Langdon Road
Dallas, TX 77251

Ronnald L Barrow, I

Exhibit A, Page 40 of 51

1649969
Le Blanc Unit
3695 FM 3514
Beaumont, TX 77705

Ronnie Armstrong(Terminated)
1897849
Hutchins Unit
1500 E. Langdon Road
Dallas, TX 75241

Rudy Garza Molina(Terminated)
1877909
Hutchins Unit
1500 East Langdon Road
Dallas, TX 75241

Ryan Howard
02038904
Richard P LeBlanc Unit
3695 FM 3514
Beaumont, TX 77705

Ryan D Gresham
01708644
Wallace Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Shannon Mark Douthit

Sidney Beasley
1625687
CT Terrell Unit
1300 FM 655
Rosharon, TX 77583-8604

Stanley Bernard Sherman
515448
2400 Wallace Pack Rd
Navasota, TX 77868

Steve Galloway
01979928
Wallace Pack Unit #1
2400 Wallace Pack Road
Navasota, TX 77868

Steve Parker
678438
Wallace Pack
2400 Wallace Pack Rd

Navasota, TX 77868

Steven Perez
#1514617
Connally Unit
899 FM 632
Kenedy, TX 78119

Tashumbre L. Jones(Terminated)
1876080
Hutchins Unit
1500 E. Langdon Rd.
Dallas, TX 75241

Terry Reece Franklin
458004
Wallace Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Thomas Byron(Terminated)
#1897531
Hutchins State Jail
1500 E. Langdon Rd
Dallas, TX 75241

Trevais Freeman
2020261
Wallace Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

Wayne Windell Williams
1968085
Wallace Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868

William Harrison Blackwell
1532742
Pack 1
2400 Wallace Pack Rd
Navasota, TX 77868

William Marshall Carman, Jr
#571323
Wallack Pack Unit
2400 Wallace Pack Rd
Navasota, Tx 77868

Wisdom L Simms, Jr
1995211
LeBlanc Unit

3695 FM 3514

Beaumont, TX 77705

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1045387613 [Date=3/15/2019] [FileNumber=30167069-0] [33b7d419faced1147ec2ed8b954a8df96fcba9b97e0f5d078daf84aef63e54e249 57894ee3d93a5e9cb397e8c5d3d501682791800e9edb95d65724d4116ff6a9]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD | § | |
| KING, MICHAEL DENTON, FRED WALLACE, | § | |
| and MARVIN RAY YATES, individually and on | § | |
| behalf of those similarly situated, | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:14-cv-1698 |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, and | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING SHANNON DOUTHIT'S PETITION FOR WRIT OF MANDAMUS**

Before the Court is Shannon Douthit's Petition for Writ of Mandamus. Having reviewed

the parties' responses, the pleadings on file, the arguments of the parties, and all applicable law,

the Court hereby DENIES the petition in its entirety.

IT IS SO ORDERED.

Date: _____.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 11 2019

David J. Bradley, Clerk of Court

KEITH COLE, Et Al                §

V.                               §        No. 4:14-CV-01698

BRYAN COLLIER, Et Al             §

RELATOR'S REPLY TO RESPONDENTS' RESPONSE FOR WRIT OF MANDAMUS

Douthit, Relator, received a copy of TDCJ'S Response To Mr.
Douthit's Petition For Writ Of Mandamus April 9, 2019. Now Douthit
is filing his reply: There is no record of injury between December
3-December 7 because we were on lockdown and not allowed to go to
infirmary. Sometime between December 7 and January 3, 2019, Douthit
did go to Infirmary because it is documented that Janaury 3, 2019,
Douthit saw Medical Provider, Chukwumerije, NP, for a follow-up on
injured leg. It appears in Exhibit "A" Respondents are showing
medical records irrelevant to leg injury. Further, they have dis-
regarded the fact that there are medical records showing Douthit
injured his leg during the previous Major Shakedown May 23, 2018,
being forced to carry his personal property, and the retaliation is
ongoing. The Respondents disregard the camera footage taken each
time Douthit was injured: May 23, 2018 and December 7, 2018. Douthit
will allow camera footage from E-wing reveal who's lying and committing
perjury and fraud on the Court. If Respondents will lie under oath
during the A/C hearings 4:14-cv-01698, they will continue to tell
blatant lies. As for Exhibit B, Assistant Warden, Wilder, should
be charged for committing perjury on an affidavit to this Court,
because carts and assistance was not available, nor provided for
handicapped Offenders to carry their property which camera footage
will reveal. On December 7, 2018, Sgt. Kroll became beligerent
as Douthit was dragging his Personal property to the Gym when he

1.

ordered Douthit to stop dragging his property and get the F out of the way. He then ordered Douthit to carry his property telling Douthit "If You cant carry it you shouldn't have it". Douthit filed Step 1 and Step 2 grievances 2019049013 addressing this issue. Said grievances were denied. As for Douthit falling in the Gym, the cameras and Ms Mitchell can substantiate it.

## CONCLUSION

Douthit's prior Writ Of Mandamus filed November 28, 2018, was denied concering similiar allegations; therefore, this Mandamus should not be dismissed, especially when Douthit demostrated retaliation because prior to the A/C Settlement inmates were provided carts and assistance during major shakedowns. Further, Class Counsel, Scott Medlock, can substantiate retaliation when Major Perez stated "You air heads have taken others out of their comfort zone so I am going to take you out of yours". Scott Medlock investigated said complaint. Scott Medlock's investigation of Offender Lee can substantiate this.

## Declaration

I, Shannon Mark Douthit, TDCJ# 453033, Pack 1 Unit, Grimes County, Texas, declare under penalty of perjury that the foregoing facts herein are true and correct.

Eexecuted on this 6th day April_____2019.

*Shannon Mark Douthit*
Shannon Mark Douthit

## CERTIFICATE OF SERVICE

I, Shannon Mark Douthit, TDCJ# 453033, certify a true and correct carbon copies have been sent to Class Counsel, Edwards Law, and Leah O' Leary, Assistant Attorney General by U.S. Mail.

Date: 4-10-2019

*Shannon Mark Douthit*
Shannon Mark Douthit

Shannon Douthit
Pack 1 unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Date: 4-10-2019

Re: 4:14-CV-01698
Petition For Writ of Mandamus
In Re Shannon Mark Douthit
v.
Bryan Collier, et al

Dear Clerk:

Please find enclosed Reply To Attorney General's Response regarding Petition For Writ of Mandamus.

Please file and bring to the attention of the Court.

All Parties have been sent a COPY.

Your time & assistance is appreciated

Sincerely,

Shannon Douthit

NORTH HOUSTON TX 77

10 APR 2019 PM 3 L

Shann[...] nit 453033
Pack 1 unit
2400 Wallace Pack R[...]
Navasota, TX 7786[...]

United States Courts
Southern District of Texas
F I L E D

APR 11 2019

David J. Bradley, Clerk of Court

Legal

United States District Court
Southern Dist. of Texas
Houston, Division
P.O. Box 61010
Houston, TX 77208

77208-101010

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEITH COLE, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-1698** |
| | § | |
| **BRYAN COLLIER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Before the Court is a petition for a writ of mandamus filed by class member Shannon Douthit. (Doc. No. 1390). Mr. Douthit alleges that he was forced to carry his personal belongings out of his cell during a December 2018 property search even though he has lifting restrictions. Mr. Douthit believes that this constitutes retaliation for the class action in this case. In particular, he alleges that one officer told him: "You air heads have taken others out of their comfort zone so I'm going to take you out of yours." (Doc. No. 1390, at 2).

The Court ordered Class Counsel and Defendant to address the allegations in Mr. Douthit's petition. (Doc. No. 1397). Both Class Counsel and Defendants oppose Mr. Douthit's petition. (Doc. Nos. 1401, 1402). Class Counsel has informed the Court that they have investigated Mr. Douthit's allegations, but TDCJ has consistently told them that no such practices have occurred. (Doc. No. 1402). Defendants have stated that, although they investigated, they have not been able to substantiate Mr. Douthit's allegations that officers said that the lack of carts was in retaliation for the class action. (Doc. No. 1400, at 3).

This petition is not the first or only time that Mr. Douthit has raised these issues. Mr. Douthit raised the same allegations in a prior petition for a writ of mandamus. In that petition, he alleged that he was forced to carry his belongings during a property search in May 2018. (Doc. No. 1339). The Court denied his petition at a hearing on November 28, 2018. Two months after he filed this second petition, Mr. Douthit filed a *pro se* 1983 lawsuit against prison officials. In that suit, *Douthit v. State of Texas*, C.A. H-19-1712, he raises claims for deliberate indifference regarding the May and December 2018 shakedowns. That case remains pending.

The Final Order approving the settlement in this class action states: "The Court retains jurisdiction over enforcement of the Settlement, and may address *substantiated* claims of retaliation that are directly related to the Settlement *and* raised by Class Counsel." (Doc. No. 1188, at 20) (emphasis added). Class Counsel has investigated Mr. Douthit's allegations, but has not found that his retaliation claims are substantiated. Accordingly, these claims will not be prosecuted by Class Counsel as part of this litigation. The settlement structure affords class counsel the discretion to determine whether an inmate has shown a substantiated claim of retaliation directly related to the settlement. Mr. Douthit has not shown that Class Counsel abused that discretion here.

Mr. Douthit's petition does not establish a substantiated claim for settlement retaliation. Most importantly, the alleged statements indicating that the officers had retaliatory motives have not been substantiated. The failure to provide a property cart, standing alone, is not a heat-risk issue and does not constitute a substantiated claim for retaliation directly related to the settlement.

Accordingly, Mr. Douthit's petition for a writ of mandamus is **DENIED**. Mr. Douthit should pursue his claims through his separately filed lawsuit. This decision is limited to the denial of mandamus relief and does not constitute an opinion, express or implied, as to the merits of Mr.

Douthit's retaliation claims. Mr. Douthit's motion to appear by telephone (Doc. No. 1391) and motion to subpoena video footage (Doc. No. 1404) are **DENIED AS MOOT**.

     **IT IS SO ORDERED**.

     **SIGNED** this 9th day of July, 2019.


                    KEITH P. ELLISON

                    UNITED STATES DISTRICT JUDGE